**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MORGAN WELCHER**                                                                              **PLAINTIFF**

v.                                        5:07CV00016-WRW

**JESSE L. KEARNEY**                                                         **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Dismiss, in the Alternative, Motion for Judgment on the Pleadings (Doc. No. 12). Plaintiff has responded.[1]

Plaintiff's Complaint reads:

1. I Morgan Welcher would like to file a complaint against the defendant listed above.

2. Mr. Jessie L. Kearney disregarded my medical status, financial status, and disability status and had me put in jail on August 28, 2006. In Dumas and Pine Bluff, AR. The defendant continues to use this type of harassment and retaliation to force me to comply with his demands.

3. I am disable and is unable to take my medication on schedule as prescribed by my doctor. This causes me to stay in a lot of pain and increases my illness. I would be constantly denied the proper medical attention and treatment while I am in jail. The defendant continues to harass and threaten to have me put in jail. The defendant refused to allow me to be represented by an attorney whenever I had to appear in court. I'm seeking relief for damages, cost, and attorney fees.[2]

*Pro se* complaints should be construed liberally.[3] However, the court "is not required to assume facts not alleged or to construct legal theory that assumes facts not pleaded."[4] A *pro se* complaint should be liberally construed, but still must provide facts sufficient to support its claims.[5]

---

[1]Doc. No. 15.

[2]Doc. No. 1.

[3]See *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[4]*Cody v. CBM Corr. Food Servs.*, No. 06-1474, 2007 U.S. App. Lexis 19502 (8th Cir. Aug. 15, 2007) (citing *Stone v. Harry*, 364 F.3d 912, 914-915 (8th Cir. 2004)).

[5]*Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

A question of subject-matter jurisdiction may be raised *sua sponte* at any time.[6] "Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[7] Since both Plaintiff and Defendant are from Arkansas, this case would properly be before this Court only under federal question jurisdiction -- which also appears to be lacking. The only possible federal claim that can be deciphered from Plaintiff's Complaint is one for a civil rights violation under § 1983. However, in order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some constitutional right.[8] There is nothing in the Complaint suggesting that Defendant was acting under color of state law. In fact, it appears to me that Defendant was acting either as Plaintiff's lawyer or Plaintiff's ex-wife's lawyer.[9]

Based on the findings of fact and conclusions of law above, Defendant's Motion to Dismiss is GRANTED. Accordingly, this case is DISMISSED. All other pending motions[10] are DENIED as MOOT.

IT IS SO ORDERED this 11th day of February, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6] *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993).

[7] Fed. R. Civ. P. 12(h)(3).

[8] *Griffin-El v. MCI Telecommunications Corp., et al.*, 835 F. Supp. 1114, 1118 (E.D. Mo. 1993).

[9] Doc. No. 15.

[10] Plaintiff's Motion to Compel (Doc. No. 10) and Motion for Judgment (Doc. No. 11).